**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OGMA, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>ACTIVISION BLIZZARD, INC.; BENSUSSEN DEUTSCH & ASSOCIATES, INC. D/B/A POWER A; GRIFFIN INTERNATIONAL COMPANIES, INC. D/B/A PSYCLONE; HARMONIX MUSIC SYSTEMS, INC.; INTEC, INC.; JAKKS PACIFIC, INC.; LEGO SYSTEMS, INC.; MAD CATZ, INC.; NINTENDO OF AMERICA, INC.; NYKO TECHNOLOGIES, INC.; PARROT, INC.; PERFORMANCE DESIGNED PRODUCTS LLC; PLAYHUT, INC. D/B/A GOLIVE2; ROCKY MOUNTAIN RADAR, INC.; SONY COMPUTER ENTERTAINMENT AMERICA, INC.; SOURCE AUDIO, LLC; VTECH ELECTRONICS NORTH AMERICA, LLC; WOWWEE GROUP LTD.; WOWWEE USA, INC.,<br><br>            Defendants. | CASE NO.:<br><br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ogma, LLC ("Ogma") hereby alleges for its Complaint against defendants Activision Blizzard, Inc.; Bensussen Deutsch & Associates, Inc. D/B/A Power A; Griffin International Companies, Inc. D/B/A Psyclone; Harmonix Music Systems, Inc.; Intec, Inc.; Jakks Pacific, Inc.; Lego Systems, Inc.; Nintendo Of America, Inc.; Nyko Technologies, Inc.; Parrot, Inc.; Performance Designed Products LLC; Playhut, Inc. D/B/A Golive2; Rocky Mountain Radar, Inc.; Sony Computer Entertainment America, Inc.; Source Audio, LLC; Mad Catz, Inc.; Vtech Electronics North America, LLC; Wowwee Group Ltd.; Wowwee Usa, Inc., (collectively the "Defendants") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## THE PARTIES

1. Plaintiff Ogma is a Texas limited liability company with a place of business at 3301 W. Marshall Ave., Suite 303, Longview, TX 75604.

2. On information and belief, Defendant Activision Blizzard, Inc. ("Activision") is a Delaware corporation with a principal place of business at 3100 Ocean Park Boulevard, Santa Monica, CA 90405.

3. On information and belief, Defendant Bensussen Deutsch & Associates, Inc. dba Power A ("Power A") is a Washington corporation with a principal place of business at 15525 Woodinville-Redmond Rd. NE, Woodinville, WA 98072.

4. On information and belief, Defendant Griffin International Companies, Inc. dba Psyclone ("Psyclone") is a Minnesota corporation with a principal place of business at Butler Square, Suite 300C, 100 North 6th Street, Minneapolis, MN 55403.

5. On information and belief, Defendant Harmonix Music Systems, Inc. ("Harmonix") is a Delaware corporation with a principal place of business at 625 Massachusetts Avenue, 2nd Floor, Cambridge, MA 02139.

6. On information and belief, Defendant Intec, Inc. ("Intec") is a Delaware corporation with a principal place of business at 7600 Corporate Center Drive, Ste 400, Miami, FL 33126.

7. On information and belief, Defendant Jakks Pacific, Inc. ("Jakks") is a Delaware corporation with its principal place of business at 22619 Pacific Coast Highway, Malibu, CA 90265.

8. On information and belief, Defendant LEGO Systems, Inc. ("LEGO") is a Delaware corporation with a principal place of business at 555 Taylor Road, Enfield, CT 06082.

9. On information and belief, Defendant Mad Catz, Inc. ("Mad Catz") is a Delaware corporation with a principal place of business at 7480 Mission Valley Road, Suite 101, San Diego, CA 92108.

-3-

10. On information and belief, Defendant Nintendo of America, Inc. ("Nintendo") is a Washington corporation with a principal place of business at 4600 150th Avenue NE, Redmond, WA 98052.

11. On information and belief, Defendant Nyko Technologies, Inc. ("Nyko") is a California corporation with a principal place of business at 1990 Westwood Blvd., 3rd Floor, Los Angeles, CA 90025.

12. On information and belief, Defendant Parrot, Inc. ("Parrot") is a New York corporation with a principal place of business at 28446 Franklin Road, Southfield, MI 48034.

13. On information and belief, Defendant Performance Designed Products LLC ("Performance Designed") is a California corporation with a principal place of business at 14144 Ventura Blvd., Suite 200, Sherman Oaks, CA 91423.

14. On information and belief, Defendant Playhut, Inc. dba GoLive2 ("GoLive2") is a California corporation with a principal place of business at 368 Cheryl Lane, City of Industry, CA 91789.

15. On information and belief, Defendant Rocky Mountain Radar, Inc. ("Rocky Mountain") is a Colorado corporation with a principal place of business at 6469 Doniphan Dr., El Paso, TX 79932.

16. On information and belief, Defendant Sony Computer Entertainment America, Inc. ("Sony") is a Delaware corporation with a principal place of business at 919 East Hillsdale Blvd., Foster City, CA 94404.

17. On information and belief, Defendant Source Audio, LLC ("Source Audio") is a Delaware corporation with a principal place of business at 120 Cummings Park, Woburn, MA 01801.

18. On information and belief, Defendant VTech Electronics North America, LLC ("VTech") is a Delaware corporation with a principal place of business at 1155 W. Dundee, Suite 130, Arlington Heights, IL 60004.

19.     On information and belief, Defendant WowWee Group Ltd. ("WowWee") is a Hong Kong corporation with a principal place of business at Energy Plaza, 3F, 92 Granville Road, T.S.T. East, Hong Kong.  On further information and belief, Defendant WowWee USA, Inc. ("WowWee USA") is a Delaware corporation with a principal place of business at 5963 La Place Court, Suite 207, Carlsbad, California 92008.  WowWee and WowWee USA will be referred to herein individually and collectively as the "WowWee Defendants".

## JURISDICTION AND VENUE

20.     This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq*. because each of the Defendants has committed acts of patent infringement within the United States and this judicial district.  Accordingly, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

21.     Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), in that the defendants are subject to personal jurisdiction in this district.  At a minimum, each of the defendants has delivered infringing products into the stream of commerce with the expectation that they will be purchased by consumers in Texas.

## THE '947 PATENT

22.     On January 3, 1989, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,150,947 ("the '947 Patent"), entitled "Programmable Motion-Sensitive Sound Effects Device," to James Michael Shima.  A copy of the '947 Patent is attached to the Complaint as Exhibit A.

23.     By reason of an assignment dated January 25, 2011, Plaintiff Ogma owns all rights, title and interest in the '947 Patent.

## FIRST CAUSE OF ACTION
**(Infringement of the '947 Patent)**
**(35 U.S.C. § 271)**

24.     Plaintiff repeats and incorporates by reference each of the allegations contained in Paragraphs 1 through 22 above, and further alleges as follows:

25. On information and belief, without a license or permission from Plaintiff, Defendant Activision has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of Activision's infringing products are the Rapala Pro Bass Fishing, the Tony Hawk: Ride, the Tony Hawk: Shred, the Guitar Hero III, and related family of products. Activision's infringement of the '947 Patent has caused substantial damage to Plaintiff.

26. On information and belief, without a license or permission from Plaintiff, Defendant GoLive2 has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of GoLive2's infringing products are the Stix 200, the Stix 400, and related family of products. GoLive2's infringement of the '947 Patent has caused substantial damage to Plaintiff.

27. On information and belief, without a license or permission from Plaintiff, Defendant Psyclone has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Psyclone's infringing products is the Strike with Fishing Rod Controller. Psyclone's infringement of the '947 Patent has caused substantial damage to Plaintiff.

28. On information and belief, without a license or permission from Plaintiff, Defendant Harmonix has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Harmonix's

infringing products is the Rock Band 3 Fender Mustang Pro-Guitar. Harmonix's infringement of the '947 Patent has caused substantial damage to Plaintiff.

29. On information and belief, without a license or permission from Plaintiff, Defendant Intec has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Intec's infringing products is the Intec Nintendo Wii Wave Remote. Intec's infringement of the '947 Patent has caused substantial damage to Plaintiff.

30. On information and belief, without a license or permission from Plaintiff, Defendant Jakks has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of Jakks's infringing products are the Disney Fairies/Sleeping Beauty (Motion Controller) TV Game, the Ultimotion Swing Zone Sports, the Ultimotion Playhouse Disney, Jakks Pacific TV Games Motion Video Game, and the related family of products. Jakks's infringement of the '947 Patent has caused substantial damage to Plaintiff.

31. On information and belief, without a license or permission from Plaintiff, Defendant LEGO has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of LEGO's infringing products is the LEGO Mindstorms NXT (MS1040 accelerometer sensor). LEGO's infringement of the '947 Patent has caused substantial damage to Plaintiff.

32. On information and belief, without a license or permission from Plaintiff, Defendant Mad Catz has infringed, induced others to infringe, and/or contributorily infringed,

literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Mad Catz's infringing products is the Mad Catz Wii Remote Controller. Mad Catz's infringement of the '947 Patent has caused substantial damage to Plaintiff.

33. On information and belief, without a license or permission from Plaintiff, Defendant Nintendo has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Nintendo's infringing products is the Wii System. Nintendo's infringement of the '947 Patent has caused substantial damage to Plaintiff.

34. On information and belief, without a license or permission from Plaintiff, Defendant Nyko has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Nyko's infringing products is the Wand. Nyko's infringement of the '947 Patent has caused substantial damage to Plaintiff.

35. On information and belief, without a license or permission from Plaintiff, Defendant Parrot has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Parrot's infringing products is the AR. Drone. Parrot's infringement of the '947 Patent has caused substantial damage to Plaintiff.

36. On information and belief, without a license or permission from Plaintiff, Defendant Performance Designed has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Performance Designed's infringing products is the AfterGlow Remote. Performance Designed's infringement of the '947 Patent has caused substantial damage to Plaintiff.

37. On information and belief, without a license or permission from Plaintiff, Defendant Power A has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Power A's infringing products is the POWER A Pro Pack Mini. Power A's infringement of the '947 Patent has caused substantial damage to Plaintiff.

38. On information and belief, without a license or permission from Plaintiff, Defendant Rocky Mountain has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Rocky Mountain's infringing products is the K.A.T. TRAXX. Rocky Mountain's infringement of the '947 Patent has caused substantial damage to Plaintiff.

39. On information and belief, without a license or permission from Plaintiff, Defendant Sony has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Sony's

infringing products is the PlayStation Move Motion Controller. Sony's infringement of the '947 Patent has caused substantial damage to Plaintiff.

40. On information and belief, without a license or permission from Plaintiff, Defendant Source Audio has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of Source Audio's infringing products is the Hot Hand. Source Audio's infringement of the '947 Patent has caused substantial damage to Plaintiff.

41. On information and belief, without a license or permission from Plaintiff, Defendant VTech has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of VTech's infringing products is the V.Smile Motion Active Learning System. VTech's infringement of the '947 Patent has caused substantial damage to Plaintiff.

42. On information and belief, without a license or permission from Plaintiff, the WowWee Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '947 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, one example of WowWee's infringing products is the Robopanda. The WowWee Defendants' infringement of the '947 Patent has caused substantial damage to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ogma prays for relief as follows:

A. Declaring that the Patent-in-Suit is valid and enforceable, and that each Defendant has infringed one or more claims of the Patent-in-Suit;

B.  Awarding Plaintiff damages in an amount adequate to compensate Plaintiff for each defendant's infringement, in accordance with 35 U.S.C. § 284; and

C.  Granting such other and further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Ogma, LLC demands a trial by jury of this action.

Dated: February 3, 2011

RESPECTFULLY SUBMITTED,

By: /s/ Andrew W. Spangler
Andrew W. Spangler
State Bar No. 24941960
Spangler Law PC
208 N. Green St., Suite 300
Longview, TX  75601
Bus:  (903) 753-9300
Fax:  (903) 553-0403
Email:  spangler@spanglerlawpc.com

James C. Otteson
CA Bar No. 157781
(Admitted E.D. Texas)
jim@agilityiplaw.com
Xiang Long
CA Bar No. 246629
(Admitted E.D. Texas)
longxiang@agilityiplaw.com
1900 University Circle, Suite 201
East Palo Alto, CA  94303
Bus:  650-227-4800
Fax:  650-318-3483

Attorneys for Plaintiff
OGMA, LLC